## 10820

### PINSON v. SOUTH ATLANTIC REALTY CO. *ET AL.*

#### (110 S. E. 392)

1. BROKERS—INSTRUCTIONS DEFINING "PROCURE" HELD MISLEADING.—
In action for procuring options and contracts for the sale of real
estate, instruction defining the word "procure" as meaning "to
bring into possession, to· be the means of influencing and effecting,
to persuade or solicit," *held* misleading, since to "procure options
and contracts for the sale of real estate" one must be an efficient
cause of securing the contract.

2. TRIAL—INSTRUCTION AS TO WHAT PLAINTIFF ENTITLED TO RECOVER
FOR SERVICES HELD A CHARGE ON THE FACTS.—In action for com-
pensation for procuring options and contracts for the sale of real
estate, where there was evidence that if plaintiff and another,
working together, procured a contract each would be entitled to
12 1-2 per cent. of the net profits of the sale, and where such other
person claimed to have procured the contract, instruction that
plaintiff, if entitled to recover, was entitled to 25 per cent. profits
*held* erroneous, being a charge on the facts.

3. APPEAL AND ERROR—PARTIES ARE REQUIRED TO· CALL ATTENTION TO A
MISSTATEMENT OF ISSUE, BUT NOT TO A MISSTATEMENT OF LAW OR TO
CHARGE ON THE FACTS.—It is the duty of parties to call attention to
a misstatement of issue, but not to a misstatement of law or to a
charge on the facts.

Before FEATHERSTONE, J., County Court, Greenwood,
June, 1921. Reversed and new trial ordered.

Action by J. L. Pinson against South Atlantic Realty Co.,
and S. F. Perry. Verdict directed for defendant Perry.
Judgment for plaintiff and defendant Realty Co. appeals.

*Messrs. Grier, Park & Nicholson,* for appellant. No
citations.

*Messrs. Tillman, Mays & Featherstone,* for respondent,
cite: *Failure to call Court's attention to error in charge
will not be considered first on appeal*: 41 S. C., 177; 96 S.
E., 490; 27 S. C., 613; 34 S. C., 235; 35 S. C., 27; 35 S.
C.,·459; 40 S. C., 537; 42 S. C., 474.

January 25, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The respondent's argument states:

"The plaintiff, J. L. Pinson, brought this action against the South Atlantic Realty Company, claiming a contract with the defendant company under the terms of which he was to receive one-fourth of the net proceeds of all sales conducted under options and contracts procured by him for the defendant company, and the further sum of $25 per day for his services while assisting in the sale which was conducted by auction.

"The South Atlantic Realty Company is or was a corporation whose business was the selling of real estate by auction on a commission basis. Its usual method of operation was: To secure an option or contract to sell the owner's land, advertising the same, collect a crowd by means of a brass band or barbecue, or both, and sell the land by auction to the highest bidder.

"The plaintiff claimed that the defendant company conducted two sales (the Wells and Miller places) under contract or options secured or procured by him; that the defendant company made a considerable net profit on these two sales and has not paid him the commission to which he is entitled under his contract.

"The defendant company denies making such a contract with the plaintiff, and alleges that, in accordance with the general custom which prevails in matters of this kind, the plaintiff was allowed a commission amounting to approximately one-fourth of the net proceeds of the sale, and, where he assisted in making the sale, a further payment of $25 per day for his services; that the plaintiff did procure certain options and contracts, and was fully paid for same;

and alleges that it never had a contract or agreement with
the plaintiff in reference to the two sales set out in the
complaint, and that it owes the plaintiff nothing.

"At the close of the testimony the presiding Judge
directed a verdict for the defendant S. F. Perry and sent the
case to the jury as to the defendant South Atlantic Realty
Company. The jury returned a verdict of $500 for the
plaintiff.

"Defendant made a motion for a new trial on the ground
'that the undisputed testimony shows that no recovery
could be had on the Miller contract, and the only verdict
which could be rendered was on the Wells contract, and the
limit of this recovery was $42.50.' This motion was over-
ruled, and the defendant appeals to this Court on three ex-
ceptions."

I. Defendant's first exception alleges error in the fol-
lowing portion of the Judge's charge to the jury:

"The language of the complaint is, 'procure options
and contracts for the sale of real estate; that is the substance
of it. It is a question of fact for you to say what the con-
tract was, if there was a contract; I charge you, constru-
ing the language of the complaint, that to 'procure' means
to bring into possession, to be the means of influencing and
effecting, to persuade or solicit. It is a question of fact
for you to say, if there was a contract, what the contract
was, and the plaintiff must prove his contract by the greater
weight of the evidence. 'Procuring' means instrumental
in getting business. It is a question of fact for you whether
or not procuring a contract means actually drawing up the
papers. I don't know what the contract is; it is a question
for you."

The definition of "procure" as put down in some dic-
tionaries is broad enough to include "solicit." The term
as here used means an efficient cause of securing a con-
tract. This may have misled the jury.

II. The next assignment of error is that his Honor erred in charging:

"If the plaintiff is entitled to recover, he is entitled to 25 per cent. profits."

One of the witnesses in stating the contract said:

"If, for instance, Mr. Perry and Mr. Pinson, working together, should get a contract, each would be entitled to 12½ per cent. of the net profits of the sale; 12½ per cent. for the man that got the contract and 12½ per cent. for the man who closed the contract."

Mr. Perry claimed that he (Perry) got the contract. The charge was on the facts. It is the duty of parties to call attention to a misstatement of issues, but not a misstatement of law, or a charge on the facts. This assignment of error is sustained.

Any errors in failing to grant a new trial are cured by the new trial ordered.

The judgment is reversed, and a new trial ordered.

Mr. JUSTICE WATTS did not participate on account of illness.